```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**ROK Builders, LLC**


   **v.**                                      Case No. 13-cv-16-PB


**2010-1 SFG Venture, LLC, et al.**


### O R D E R

ROK Builders, LLC ("ROK"), a creditor of Moultonborough Hotel Group, LLC ("Moultonborough" or "Debtor"), appealed from the Bankruptcy Court's confirmation of a Chapter 11 plan of reorganization. Doc. No. 35. In the course of the appeal, the appellees moved to supplement the record with the Declarations of Daniel M. Kasell, transaction counsel for an affiliate of SFG, and Steven M. Notinger, counsel for Moultonborough. Docs. No. 34-1; 34-2; 34-3. Those affidavits provided support for the appellees' argument that the appeal is equitably moot. ROK never submitted an opposition to the motion. On February 19, 2013, I granted appellees' unopposed motion to supplement the record with the affidavits. Endorsed Order dated Feb. 19, 2013. Two months later and after the parties completed briefing, on April 18, 2013, ROK moved to depose Kasell and other parties not

before the court and identified several pieces of information it would like to learn through the proposed depositions.  Doc. No. 40.  I reject ROK's discovery motion for several reasons.

First, ROK fails to demonstrate how the information it would like to learn might affect the outcome of this appeal. See Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *2 (D.N.H. Sept. 20, 2010).  In addition, although ROK states conclusively that it deserves an opportunity to test the truth of the assertions in the affidavits, ROK does not identify any facts in the affidavits that it believes to be false.  ROK states simply that it "did not see the Kasell Declaration until it was filed in support of the Appellees['] Brief."  Doc. No. 42.  If this is true, it is due only to ROK's lack of diligence. ROK had continuous access to the affidavits after January 29, 2013, when they were filed with the court and entered on the docket.

In any event, the affidavits are only relevant to the mootness issue insofar as they affirm that the appellees did what the confirmed Plan permitted them to do, and ROK does not claim otherwise.  Accordingly, ROK has failed to meet its burden to show that the depositions are likely to lead to relevant

evidence, and its motion to depose Kasell and other parties not before the court, Doc. No. 40, is denied.  See Brandt v. Wand Partners, 242 F.3d 6, 19-20 (1st Cir. 2001) (upholding the bankruptcy court's decision to reject a belated discovery request where the requestor failed to explain why he needed the documents).

    SO ORDERED.

                                          /s/Paul Barbadoro
                                          Paul Barbadoro
                                          United States District Judge

July 16, 2013

cc:   Deborah Ann Notinger, Esq.
      Steven M. Notinger, Esq.
      William S. Gannon, Esq.
      Edmond J. Ford, Esq.
      Gary D. Ticoll, Esq.
      Geraldine L. Karonis, Esq.